FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 9 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DIEGO SALDARRIAGA,

           Defendant.

14-CR-260

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ............................................................................................................................1
II. Offense Level and Category ...................................................................................................2
III. Law..........................................................................................................................................2
IV. 18 U.S.C. § 3553(a) Considerations .......................................................................................3
V. Sentence ..................................................................................................................................4
VI. Conclusion ..............................................................................................................................4

**I.    Introduction**

On August 15, 2014, Diego Saldarriaga pled guilty to one count charging him with the importation of heroin into the United States. 21 U.S.C. §§ 952 (a), 960(b)(3).

The court recognizes that "[a] heroin crisis [is] gripping communities across the country," and that it "deepened in New York [in 2013], with more people in the city dying in overdoses from the drug than in any year since 2003." *See, e.g.*, J. David Goodman, Heroin's Death Toll Rising in New York, Amid a Shift in Who Uses It, N.Y. Times (Aug. 28, 2014), available at http://www.nytimes.com/2014/08/28/nyregion/heroins-death-toll-rising-in-new-york-amid-a-shift-in-who-uses-it.html?_r=0.

On February 19, 2015, Saldarriaga was sentenced to time served and a supervised release term of three years. The proceeding was videotaped in order to develop an accurate record of the

courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total offense level is 19. The criminal history category is I, yielding a guidelines imprisonment range of 30-37 months. U.S.S.G. Ch. 5 Pt. A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. [section] 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d

2

180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.   18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing. 18 U.S.C. § 3553(a)(1). Defendant, thirty-two years old, is from Colombia. There, he attended post-secondary school from 2006 to 2009, earning an associate's degree in Business Management.

Saldarriaga had a difficult and violent upbringing in Colombia, where his family had little money and inadequate food. His father was an alcoholic who inflicted physical abuse on the immediate family, including defendant; Saldarriaga's mother, who was beaten on a daily basis, bore the brunt of the abuse.

Defendant's father was murdered during an armed robbery in 2004. One year later, Saldarriaga was stabbed while trying to prevent a street robbery of another person by an unknown assailant.

Despite these challenges, Saldarriaga maintained a merchandising business in Colombia for sixteen years. Through this business, Saldarriaga supported his family. Today, he has a good

3

and stable relationship with his family in Colombia, which includes three siblings, his two young children, their mother, his long-term girlfriend, and his elderly mother, whose health is failing due to arthritis.

## V.     Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Saldarriaga's sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, on February 19, 2015, Saldarriaga was sentenced to time served and a supervised release term of three years. *See supra* Part IV; U.S.S.G. § 5D1.1(a). A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution was ordered because Saldarriaga does not possess substantial assets in the United States or in Colombia, and is unlikely to possess assets in the future.

## VI.    Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

[signature: Jack B. Weinstein]

Jack B. Weinstein
Senior United States District Judge

Dated: February 20, 2015
       Brooklyn, New York